Rohan v. American Sugar Refining Co.    *94 N. J. L.*

For the appellant, *Edward F. Merrey.*

For the respondent, *Roe & Tompkins.*

---

BRIDGET ROHAN, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF ALEXANDER ROHAN, DECEASED, RESPONDENT, v. AMERICAN SUGAR REFINING COMPANY, A CORPORATION, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an action under the Death act. The plaintiff's decedent, Alexander Rohan, was engaged in hauling ashes from the defendant company's plant in Washington street, in Jersey City. This plant is adjacent to a body of water known as the gap, and Washington street runs down to the water's edge. At the time of the accident the defendant was engaged in unloading drums of sugar from a freight car standing on a track which ran through the street at this point. It had been engaged in this work for two days prior to the accident. The

unloading was done by means of a heavy rope which was fastened to the car, then twisted around the drum and carried to another drum on the far side of the street. When this was done the drum was rolled out of the car on the skids, and then down the skids to the street. The plaintiff's decedent while driving along Washington street ran into this rope and was so injured that he died.

"The only questions argued before us are whether the court should have ordered a nonsuit; and whether there should have been a verdict directed.

"The contention is, that the court erred in refusing to nonsuit or direct a verdict, first, because there was no evidence of negligence on the part of the defendant company, and second, because of the contributory negligence of the decedent.

"We think both of these questions were for the jury. *Prima facie* the defendant had no legal right to occupy the whole of the roadway of the street for something like three days and thus interfere with the public user thereof. But, assuming that such right existed, so far as the decedent was concerned, the company was bound to exercise it in such a way as not to jeopardize people traveling on the street; and this duty they owed to the decedent. It is at least doubtful under the evidence whether they gave him warning or took any other steps for his protection. Clearly, therefore, we think the question of the negligence of the defendant was one to be determined by the jury.

"Whether the decedent was negligent or not depended upon whether he used reasonable care for his own safety. He had been at work at this place for some time hauling ashes, and there was evidence to show that whenever he came to the place where the rope was stretched across the street the employes of the defendant company lowered it in order to enable him to pass by in safety. This being so, it was for the jury to say whether he had a right to assume that when his truck drew near to the obstacle the same course of conduct would be followed; and whether, in so assuming, he acted as a reasonably prudent man would have done under the same conditions.

"We conclude, therefore, that both the motion to nonsuit and the motion to direct a verdict were properly refused and that the judgment under review should be affirmed."

For the appellant, *Edwards & Smith* and *Walter L. Glenney*.

For the respondent, *Alexander Simpson*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.   10.

*For reversal*—BERGEN, J.   1.